CLD-128                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3914
_____

CAINE PELZER,
Appellant

v.

SUPERINTENDENT HOUTZDALE SCI; GRIEVANCE COORDINATOR DORITTA
CHENCHERICH; LT. GROVE; SGT. CASHER; SGT. MOSLEY; C/O1 LONGEY;
C/O1 SHAW; JOHN DOE 1; JOHN DOE 2; C/O LANTZY; C/O1 RIGHTNOUR
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-12-cv-00069)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 12, 2013

Before:  FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed:  December 16, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Caine Pelzer, a prisoner incarcerated at the State Correctional

Institution at Houtzdale, appeals the District Court's order granting the defendant's

motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise a plenary standard of review over the District Court's order. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). For the reasons set forth below, we will summarily affirm.

This case concerns the disappearance of Pelzer's legal materials and other property. According to Pelzer, on November 22, 2011, a correctional officer at Houtzdale informed him that he would be traveling to Luzerne County in connection with a legal action he had filed there. Pelzer made the trip, and was then held at the State Correctional Institution at Retreat until December 15, 2011, at which point he returned to Houtzdale. Houtzdale correctional officers informed Pelzer that the cell in which he had resided had been needed for another prisoner, and Pelzer was therefore placed in a different cell. Pelzer asked for the belongings that he had left in his old cell, which included numerous legal papers, photographs, and other personal items. Various correctional officers provided Pelzer with conflicting explanations concerning the location of his property; ultimately, however, after an apparently exhaustive search, the property was never found.

Pelzer then filed a complaint in the District Court, naming numerous prison officials and employees as defendants (collectively, "the defendants"). The magistrate judge to whom the case was referred twice dismissed the case at the screening stage but invited Pelzer to amend, and Pelzer did so. In his second amended complaint, Pelzer

claimed that the defendants,[1] by losing or destroying his legal materials, had deprived

him of his First Amendment right to access the courts. He further claimed that the

defendants had disposed of his materials in retaliation against him for his filing previous

lawsuits and grievances, also in violation of the First Amendment. A representative

defendant filed a motion to dismiss, the magistrate judge recommended that the District

Court grant the motion, and the District Court approved and adopted the report and

recommendation and dismissed the second amended complaint. Pelzer then filed a

timely notice of appeal to this Court.

We agree with the District Court's disposition of this case. To state a claim for a

violation of the right to access the courts, Pelzer was required to "allege actual injury,

such as the loss or rejection of a legal claim," Oliver v. Fauver, 118 F.3d 175, 177 (3d

Cir. 1997), and to allege facts showing that this lost or rejected legal claim was

nonfrivolous or arguable, see Monroe, 536 F.3d at 205. Here, Pelzer alleged that the

defendants' conduct prevented him from properly litigating three separate actions;

however, he did not allege any facts whatsoever demonstrating that any of those actions

involved claims that were nonfrivolous or arguable. See Christopher v. Harbury, 536

U.S. 403, 416 (2002) (explaining that plaintiff must describe underlying claim well

enough to show that it is based on "more than hope"). Therefore, the District Court was

correct to dismiss the access-to-the-courts claims. See Monroe, 536 F.3d at 206.

---

[1] Pelzer filed the second amended complaint on October 25, 2012; on October 31, 2012, he filed another complaint making materially identical allegations but using the form provided by the District Court. For purposes of this opinion, we will treat these filings, collectively, as the second amended complaint.

We likewise discern no error in the District Court's dismissal of Pelzer's retaliation claims. A prisoner alleging retaliation in violation of the First Amendment must show (1) that he engaged in constitutionally protected conduct; (2) that an adverse action was taken against him by prison officials sufficient to deter him from exercising his constitutional rights; and (3) that there is a causal link between the exercise of his constitutional rights and the adverse action taken against him. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Nowhere in Pelzer's second amended complaint does he allege facts that could reasonably support the necessary "causal link" between any protected speech and the alleged retaliation. While he presents some vague and conclusory allegations that the defendants destroyed his property in retaliation for his filing unidentified prior legal actions, these allegations, standing alone, are insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (a complaint must do more than allege a "mere possibility of misconduct"; it must show the pleader's entitlement to relief); Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (on a motion to dismiss, "we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation" (internal citation and quotation marks omitted)). Accordingly, Pelzer failed to plead that he was unlawfully retaliated against in violation of the First Amendment.

Finally, because the District Court had already provided Pelzer with two opportunities to amend his complaint, we agree with the District Court that it would have been futile to allow him to amend for a third time. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Accordingly, we will summarily affirm the District Court's order.  See 3d Cir.

L.A.R. 27.4; I.O.P. 10.6.[2]

---

[2] Pelzer also filed, in this Court, a motion to be relieved of the requirement that he file an appendix with his opening brief.  Because we are resolving this case before Pelzer would have been required to file an appendix, we deny his motion as moot.